IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD V. EDER<br>1211 Delta Road<br>Red Lion, PA 17356<br><br>                              Plaintiff,<br><br>     v.<br><br>GIRL SCOUTS IN THE HEART OF PA<br>*Successor-in-interest to* PENN LAUREL<br>GIRL SCOUT COUNCIL<br>350 Hale Avenue<br>Harrisburg, PA 17104<br><br>                              Defendant. | CIVIL ACTION<br><br>Case No. _____ |

## CIVIL ACTION COMPLAINT

AND NOW comes Plaintiff, Ronald Eder (hereinafter "Plaintiff"), by and through his undersigned counsel, and files this Civil Action Complaint, averring as follows:

### I.   Introduction

1.   Plaintiff initiates this action against Defendant to recover overtime wages owed to Plaintiff that Defendant failed to pay in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*

### II.   Parties

2.   Plaintiff is an adult individual and citizen of the United States with an address as set forth above.

3. Defendant, Girls Scouts in the Heart of PA as successor-in-interest to Penn Laurel Girl Scout Council, is a corporation, created and existing pursuant to the laws of the Commonwealth of Pennsylvania, with a corporate office at the above address.

4. At all times relevant hereto, Defendants acted through their agents, servants and employees, each of whom was in the scope of their employment.

5. At all times relevant herein, Defendant was engaged in interstate commerce.

### III. Jurisdiction and Venue

6. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

7. The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and because it arises under one or more laws of the United States (specifically, the Fair Labor Standards Act of 1938).

9. The Court may also maintain supplemental jurisdiction over any state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant resides in and/or conducts business in this

judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## V. Factual Background

11. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

12. Plaintiff has been employed by Defendant (and its predecessor in interest Penn Laurel Girl Scout Council) as a Site Supervisor/Site Manager since August, 1995.

13. Plaintiff currently earns a regular wage of Fifteen Dollars ($15.00) an hour.

14. At all times relevant, Plaintiff has been required to work a regular workweek of forty (40) hours, in addition to up to twenty (20) hours per week in overtime.

15. Defendant and its predecessor-in-interest were aware that Plaintiff was working in excess of forty (40) hours per week.

16. In or about May, 2007, Penn Laurel Girl Scout Council merged with Defendant.

17. In May, 2007, Plaintiff inquired about whether he was entitled to payment for overtime worked.

18. Defendant subsequently paid Plaintiff retroactively for all overtime worked during the month of May, 2007, but not for any overtime worked prior to May, 2007.

19. The Fair Labor Standards Act of 1938 requires payment of time and one-half compensation for all hours worked in excess of forty (40) hours in a given workweek.

20. Plaintiff is entitled to time and one-half wages for time worked in excess of forty (40) hours in a given workweek.

3

21. Plaintiff has not been paid time and one-half compensation for the approximately twenty (20) excess hours worked in excess of forty (40) hours during his employment with Defendant.

22. As a result of the foregoing policy and practice of Defendant, Plaintiff is entitled to pay at a rate not less than one and one-half times the regular rate at which he was employed for time worked in excess of forty (40) hours in any given work week.

23. Plaintiff has sustained and continues to sustain damages as a result of the foregoing unlawful policy and/or practice of Defendant.

24. Defendant's violations of the FLSA as aforesaid were willful.

## COUNT ONE
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT OF 1938
## (FAILURE TO PAY REQUIRED OVERTIME)

25. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

26. At all times relevant herein, Defendant was an "employer" as that term is defined in 29 U.S.C. § 203(d).

27. At all times relevant herein, Defendant was engaged in an "enterprise" as that term is defined in 29 U.S.C. § 203(r)(1) and an "enterprise engaged in commerce" as that term is defined in 29 U.S.C. § 203(s)(1)

28. At all times relevant herein, Plaintiff was an "employee" as that term is defined in 29 U.S.C. § 203(e)(1).

29. At all times relevant herein, Defendant regularly employed Plaintiff for a work week longer than forty (40) hours.

30. At all times relevant herein, Plaintiff did not receive compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he was employed.

31. The foregoing policy and practice of Defendant violated 29 U.S.C. § 207.

32. As a result of Defendant's violations of the FLSA as aforesaid, Defendant is liable to Plaintiff for any and all overtime compensation owed to Plaintiff but remaining unpaid.

33. As a result of Defendant's violations of the FLSA as aforesaid, Defendant is liable to Plaintiff for an additional equal amount as liquidated damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

a. That judgment be entered in favor of Plaintiff on the Complaint;

b. That an Order be entered awarding Plaintiff damages for all unpaid overtime wages owed by Defendant in amounts to be determined at trial;

c. That an Order be entered awarding Plaintiff an additional amount, as liquidated damages, equal to the amount of overtime wages owed to Plaintiff;

d. That an Order be entered requiring payment of reasonable attorneys' fees and the costs of the instant action by Defendant;

e. That an order be entered enjoining Defendant from further violations of the FLSA;

f. That the Court maintain jurisdiction of this action after judgment or verdict to ensure Defendant's compliance with its orders therein;

g. That an order be entered awarding Plaintiff such further legal and equitable relief as the Court deems necessary, just and proper.

## COUNT II
### VIOLATIONS OF THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW - 43 PA. C.S. § 260.1, *et seq.*
### FAILURE TO PAY EARNED OVERTIME

34. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

35. Defendant's failure to pay Plaintiff for overtime hours worked constitutes a violation of the Pennsylvania Wage Payment and Collection Law.

36. Payment of the aforesaid overtime wages has been outstanding for more than sixty (60) days.

37. Defendant has no good faith basis for failing to pay Plaintiff for the outstanding overtime wages.

38. As a result of Defendant's violations of the Wage Payment and Collection Law as aforesaid, Defendant is liable to Plaintiff for any and all overtime compensation owed to Plaintiff but remaining unpaid.

39. As a result of Defendant's violations of the Wage Payment and Collection Law as aforesaid, Defendant is liable to Plaintiff for an additional amount as liquidated damages, equal to twenty-five percent (25%) of the total wages due.

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

h. That judgment be entered in favor of Plaintiff on the Complaint;

i. That an Order be entered awarding Plaintiff damages for all unpaid overtime wages owed by Defendant in amounts to be determined at trial;

j.  That an Order be entered awarding Plaintiff an additional amount, as liquidated damages, equal to twenty-five percent (25%0 of the amount of overtime wages owed to Plaintiff;

k.  That an Order be entered requiring payment of reasonable attorneys' fees and the costs of the instant action by Defendant;

l.  That an order be entered enjoining Defendant from further violations of the Wage Payment and Collection Law;

m.  That the Court maintain jurisdiction of this action after judgment or verdict to ensure Defendant's compliance with its orders therein;

n.  That an order be entered awarding Plaintiff such further legal and equitable relief as the Court deems necessary, just and proper.

        Respectfully submitted,

        TIMOTHY M. KOLMAN AND ASSOCIATES

By:   /s/ Rufus A. Jennings
Wayne A. Ely, Esquire
Pennsylvania Bar Identification No. 69670
Rufus A. Jennings, Esquire
Pennsylvania Bar Identification No. 93030
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134
Attorneys for Plaintiff

October 8, 2007